The opinion of the court was delivered by
TicghmaN, C. J.
Alexander Thompson, the plaintiff below, claimed under a settlement, older than any title of the defendants. This settlement was commenced in the year 1798, and was within the bounds of a survey made by John Elliot, in the year 1794. The plaintiff claimed by the lines of Elliot’s survey, which contained six hundred and thirty-one acres. The improvement was on the north end of. the tract, and the plaintiff having. resided a short time on the land, placed one Archibald Christy there, under articles of agreement, by which Christy was to have one hundred acres,as a compensation for completing the settlement. Christy remained on the land until the year 17-99, when he assigned his right to James Hogan, who erected a dwelling-house *45 on it, and afterwards assigned his right to James Candy, In the year 1804, Hogan had a line run across Elliott’s survey, from east to west, so as to include four hundred acres, and allowance,&c.' at the north end of the tract; and in 1807, Kissinger, one of the defendants, settled at the south end, where he improved, and remained until the bringing of this ejectment, and claims, by virtue of his settlement, the land included in Elliott’s survey, lying south of the east and west line run by Hogan. In the year 1817,-the plaintiff had a survey made, by which he located four hundred acres, with allowance, &c. in a form different from Hogan’s survey, so as to include a great part of the defendant’s settlement and improvement.
The error assigned, is in the charge of the late Judge Roberts;. in consequence of whose death, I think it probable that we have his charge in an imperfect state. Such as it appears on the record, however, we must take it. It was found among his papers, after his death, and the parties have agreed to abide by it. That part which is complained of, is as follows: “If the early settlor has, in any way, defined his claim, he ought not to be deprived of it by men who settle down many years afterwards.” As a general proposition, this is true; but in a case so circumstanced as the present, It might be necessary to be more particular, lest the jury should be misled. The first settler had a right to four hundred acres, with the usual allowance, provided he designated his boundaries in a reasonable time. But he had no right to claim by boundaries including six hundred acres, and keep all the rest of the world from settling on any part of the land, under pretence that he might lay off his four hundred acres in any shape he pleased. His counsel say, that such was not his intent, but that he really supposéd that Elliott’s survey included but four hundred acres, until the actual contents were ascertained by a survey made many years after the commencement of his settlement. They say, too, that the defendant very well knew, the plaintiff claimed the south end of Elliott’s survey, which was the best land, and therefore it was dishonest to attempt to deprive him of it, by making a settlement in that quarter. And further, they say, that Hogan was not authorized by the plaintiff to locate-his four hundred acres, and therefore he should not be bound by Hogan’s survey. The plaintiff was certainly to blame, in not having an official survey made by the deputy surveyor of the county. If he had done so, all would have been right. He would have had his four hundred acres located according to his choice, and the surplus would have been open* to other settlers. Still, it may be, that the defendant has acted unfairly, and that, under all circumstances, the plaintiff ought to have the part in dispute. The evidence is brought before us in so mutilated a condi-dition, that it is impossible to say, which party is in the right. Our'duty, however, is to decide, whether there was error in the charge of the president of the Court of Common Pleas. And I am *46 of opinion there was — because his expressions might probably have induced the jury to suppose, that inasmuch as the plaintiff claimed by the bounds of Elliott’s survey, no other person had a right to settle within those bounds, until the plaintiff had laid off his four hundred acres; or, at least, that if any person did so settle, it was at his peril, because the plaintiff might afterwards locate his land, so as to deprive him of his improvement. The judgment is therefore to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.